# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF THE STATE OF KANSAS,

·DURING THE TERM COMMENCING JANUARY, 1865.

---

### WILLIAM H. STONE *v.* ISAAC YOUNG *et al.*

#### *Error from Leavenworth County.*

In an action upon a bond, conditioned for the making of a warranty deed for certain lots, "so soon as the title should be procured by the South Leavenworth Town Association, or by the obligor," when the petition fails to aver that either ever acquired any title to the lots; *Held,* that the court below did not err in sustaining a demurrer thereto.

*Quere:* Can the obligee, in such bond, sustain an action thereon, when, by his own showing, he is not in a condition to perform its conditions on his part?

The party pleading must rely upon and be bound by the case made by his pleading.

A contract for the sale of any part of the Delaware trust lands, while they are held in trust, is void; and a note given therefor is without consideration, and, under the law of 1855 [p. 156, §§ 3, 4], that could be plead as a defense to the note in the hands of an assignee.

The facts of the case are as follows :

The plaintiff in error filed his petition in the district court for Leavenworth county, on the 25th day of

November, 1859, setting forth that, on the 4th of June, '56, defendant, Rees, claiming to be the owner of lots one and two, block six, in Clark & Rees's addition to Leavenworth City, executed and delivered to one Elijah S. Wilhite an instrument, of which the following is a copy of the body:

"Know all men by these presents, that I have this day sold to Elijah S. Wilhite lots numbers one and two, in block number six, in South Leavenworth, K. T., for the consideration of five hundred dollars, payable in five and ten months. Now, therefore, in consideration of the above money, to be paid at maturity, I hereby relinquish and quitclaim to said Elijah Wilhite all my right, claim and interest in said lots, and I bind myself to make to him a warranty deed for them so soon as the title may be procured by the South Leavenworth Town Association, or by myself."

November 3d, 1858, Wilhite executed and delivered to defendant, Young, an instrument, of which the following is a copy of the body:

"Know all men that I, E. S. Wilhite, for myself and my legal representatives, am firmly held and bound unto Isaac Young, of the city and county of Leavenworth, Kansas Territory, in the penal sum of seven thousand dollars. Sealed with my seal, and dated this third day of November, A. D. 1858.

"The condition of the above obligation is such that whereas, I have this day sold the said Isaac Young the following described real estate, to wit: Lots numbers one and two, in block number six, as numbered on the plat of Rees & Clark's addition to the city of Leavenworth, Territory aforesaid, with all the improvements thereon, and have also given him the possession thereof, for which I am to receive payment as follows: one

hundred and fifty dollars, cash in hand, the receipt whereof is hereby acknowledged; eight hundred and fifty dollars in six months from the date thereof; fifteen hundred dollars in lumber, in amounts of not more than three hundred dollars each month, the whole to be paid within eight months from this date, and one thousand dollars to be paid in twelve months from this date, in all making the sum of thirty-five hundred dollars.

"Now, if upon the completion of the payments, as aforesaid, I shall cause to be made and delivered unto him, the said Isaac Young, or his legal representatives, a good and sufficient warranty deed, in fee simple, with release of dower, and free of all incumbrances, for said property, then this obligation to be void, otherwise to be and remain in full force and virtue at law."

The petition further shows that the payment of one thousand dollars, mentioned in the foregoing instrument, was evidenced by a negotiable promissory note, executed by Young to Wilhite, of which a copy is given; that this note was, on the 16th day of February, 1859, indorsed by Wilhite to this plaintiff, and that Wilhite and his wife, by deed of the same date, quitclaimed to the plaintiff all their right, title and interest in the premises above described; that Young, under the bond from Wilhite to him, entered into and still holds possession of said premises; and that Young, at the time of the execution and delivery of Wilhite's bond to him, assumed the payment of the amount of the purchase money stipulated for, in the bond from Rees to Wilhite. The prayer is for judgment against Young for the amount of the note above mentioned, and interest; and that the premises be subjected to the payment of the judgment, and the

defendant, Rees, be divested of all interest therein.

To this petition the defendants demurred, on the ground that the petition did not state facts sufficient to constitute a cause of action, and for a misjoinder of parties. The court below sustained the demurrer.

*Stinson & Havens, Hurd & Stillings,* for plaintiff in error.

*Rees & Wheat,* for defendants in error, and *W. C. McDowell,* for defendant, Young.

*Stinson & Havens* submitted :

1. The covenants in the bond to pay and to convey, there being no provisions for their simultaneous performance, are independent. *Addison on Contracts,* 864 ; *Prague* v. *Cole,* 1 *Saunders,* 320, *note* 4 ; *Moggridge* v. *Jones,* 14 *East,* 485.

The covenants are independent when the purchase money is to be paid in installments, as in this case. *Robb* v. *Montgomery,* 20 *Johns.,* 13 ; 5 *Cow.,* 506, 509 ; *Morris* v. *Sliter,* 1 *Denio,* 59 ; *Sage* v. *Ranney,* 2 *Wend.,* 532 ; *Gould* v. *Allen,* 1 *id.,* 182 ; *Northup* v. *Northup,* 6 *Cow.,* 296 ; *Gardner, Adm'r,* v. *Corson,* 15 *Mass.,* 499.

The language of the bond—"Upon the completion of the payments as aforesaid"—shows the order of performance. *Addison on Contr.,* 867 ; 1 *Denio,* 59.

The giving of separate negotiable notes further shows the independence of the covenants.

2. There can be no failure of consideration until the money is paid, and Young refuses to convey.

The possession is sufficient consideration to support

the promise. *Tallmadge* v. *Wallis*, 25 *Wend.*, 106; *Greenl., Overruled Cases*, 178; 2 *Kent Com.*, 473.

3. The petition will warrant a judgment against Young. The rights of Rees, nor the title to the property, are before the court. (*Peabody* v. *Wash. Co. Mut. Ins. C.*, 20 *Barb.*, 339; *Pace* v. *Openheim*, 13 *Ind.*, 533; *People* v. *Mayor of N. Y.*, 28 *Barb.*, 26.) The demurrer should therefore have been overruled.

The ground of demurrer, a misjoinder of parties, is not one known to the code. "Defect of parties," under the code, means a lack of proper parties. Misjoinder can be taken advantage of only by motion. *Dean* v. *English*, 18 *B. Mon.*, 132; 12 *How. P.*, 134; 14 *id.*, 460; *Swan's Pl.*, 96; *Vansant. Pl.*

*Hurd & Stillings*, for plaintiff in error, submitted:

1. The demurrer was sustained, in violation of the principles of equitable jurisdiction. 11 *Iowa*, 587; *Winn* v. *Reynolds*, 6 *Paige*, 407; *Wills* v. *Smith*, 7 *id.*, 22; 2 *Barr*, 34.

2. Vendee cannot plead defect of title as reason for non-payment, until he surrenders possession. 1 *Clark* (*Iowa*), 533; 4 *Watts*, (*Garrison & Burt*); 1 *Serg.*, 27; 2 *Bar.*, 295; 3 *Hey.*, 195; 2 *U. S. Dig.*, 578; 3 *Am. Lead. Cas.*, 60; 5 *B. Monroe*, 450; 2 *Eq. Dig.*, 576, 578.

3. All the parties in interest were before the court. 12 *Ohio S.*, 273; 18 *B. Monr.*, 136; 11 *How.*, 569; 12 *id.*, 134.

For the defendants in error, *Rees & Wheat* and *W. C. McDowell*, submitted:

1. The note described in the petition filed in the court

below, having been made while the laws of 1855 were in force, defendant Young can interpose any defense thereto he may desire, notwithstanding the assignment thereof to plaintiff.   §§ 3 *and* 4, *p.* 156, *Stat.* 1855; *Ewing* v. *Mills,* 1 *Mo.,* 234; 7 *Mo.,* 524; 2 *Kansas, McDowell* v. *Stille.*

2. The note and the bond of Wilhite, are parts of same contract, and must be construed together.   *Bailey* v. *Cromwell,* 3 *Scam.,* 71; 11 *Ill.,* 328; 3 *Wend.,* 234; 5 *Pick.,* 396.

3. The substance of the bond of Wilhite to Young, was, that Wilhite would cause the *land* to be conveyed, not merely to cause a warranty deed therefor to be made, *but* to cause the estate, with release of dower, free of incumbrance, to be conveyed to Young in fee, so that Young would have the land itself, by an indisputable title in fee, free and clear of all defects and incumbrances.   Young's obligation to pay said note, and Wilhite's obligation to him to cause such conveyance to be made to Young, being mutual and dependent covenants, if the land is not so conveyed, or fails to pass, then the promise of Young to pay said note is a mere naked promise, without consideration, and cannot be enforced.   2 *Scam.,* 444; 4 *Scam.,* 392; 11 *Ill.,* 328; 11 *Johns.,* 50 *and* 525; 2 *Johns.,* 613; 12 *Johns.,* 190; 17 *Wend.,* 245; 14 *Pick.,* 293; 22 *Pick.,* 170; 6 *Cush.,* 201; 7 *Mo.,* 524; 12 *Mo.,* 137; 1 *Peters,* 455; *Rawle on Cov., Title, p.* 546, *note* 2; *p.* 565, *note* 3; *pp.* 566, 567, *et seq. and notes*; 23 *Wend.,* 69; 4 *Paige,* 638.

4. The note being the last payment for the lots, the obligation to convey the same to Young, and his obligation to pay the note, were mutual and dependent covenants; it was therefore necessary to tender such a

conveyance thereof to him as is above mentioned, before a suit can be maintained against him on the note, or for specific performance.    Authorities last above cited, and 2 *Scam.*, 448 ; 4 *Scam.*, 549 *and* 568 ; 5 *Gilman*, 180, 185 ; 5 *Pick.*, 396 ; 20 *Johns.*, 136 *and* 27; 11 *Wend.*, 49 ; 4 *Black.*, 392 ; 3 *Kernan*, 108.

5. Defendant, Rees, was not to execute conveyance till he was paid five hundred dollars and interest, and it must have been paid or tendered before specific performance would lie.    2 *Lenox Dig.*, 62.

6. The petition, not attempting to give legal effect of either of the bonds, but giving copies, leaves the court to decide the effect.    By the terms of Rees's bond to Wilhite, he was to convey the lots on being paid therefor, when he, or South Leavenworth Town Association, would give title.    There is no averment that either acquired title ; and therefore there is no averment of the happening of the contingency on which he was to convey.    The petition, therefore, is bad.    1 *Chitty Pl.*, 320, 321, 325.

7. This, as to Rees, certainly.    And as to Young, because Wilhite's bond was for a good title to be conveyed to Young, and petition through the bond of Rees admitting no title in any of the parties, does not do away with that admission by averring the acquisition of the title, but leaves the fact admitted that none of the parties have title.    When the bond was given, title was in government, and the court will take judicial notice that at the date of Rees's bond, government held title in trust for Indians.

8. In looking at the legal effect of the bonds, the court will see that Young did not, in either of them, assume the payment of the five hundred dollars, and twenty-five per cent. interest, mentioned in the peti-

tion. This five hundred dollars, and interest, now amounts to more than the note Young is sued on; consequently the petition admits an incumbrance on the land, greater in amount than the remainder of the purchase money due from Young. As to the effect of this incumbrance, see authorities cited in relation to what title Young was to get.

9. Wilhite's bond required him to pay the five hundred dollars and interest, as well as all other incumbrances. The plaintiff, by averment, seeks to avoid this and the non-performance thereof, by averring that Young assumed the payment thereof. This is an averment to charge a special promise to pay the debt of another, and must, by statute, be in writing. The petition does not so charge. The promise is void, then, by the plaintiff's own showing. No consideration for such promise is averred, and the averment being insufficient to support a cause of action, could not be proved. Besides, parol testimony cannot vary the written contract of Wilhite and Young. (For statute of frauds, see *L.* '57, *p.* 1, § 2.)

10. An allegation in the petition which the law will not allow to be proved, will not make the petition better. The allegation of the agreement of Young to pay the five hundred dollars could not be proven by parol, because, first, it would conflict with the statute of frauds; and, second, it would change the terms of the written contract between Wilhite and Young. *Swan* v. *Druly*, 22 *Pick.*, 488; 1 *Sugden on Vendors*, *p.* 177, *et seq.*

11. The allegation in the petition, of Young's promise to pay said five hundred dollars and interest, amounts to nothing, because a consideration therefor is not averred. 1 *Chitty's Pl.*, *pp.* 293–4, *note* 1.

12. Young's possession (averred in the petition), of the lots, at the time plaintiff acquired his right to the same, was notice to plaintiff of Young's right therein. *Rupert* v. *Mark*, 15 *Ill.*, 542 ; 2 *Vesey*, 437 ; 13 *id.*, 118 ; 2 *Paige*, 300 ; 3 *id.*, 421 ; 5 *Johns. Ch. R.*, 29 ; 4 *Scam.*, 151 ; *Tuttle* v. *Jackson*, 6 *Wend.*, 213 ; *Sands* v. *Brant*, 10 *Howard*, 348.

13. The demurrer could have been in the court below, and can be here sustained, as to, one of the defendants, and overruled as to the other, whether it is the joint demurrer of both defendants or their joint and several demurrer.   *Code* 1858, § 371 ; *Code* 1859, § 381.

14. The demurrer was sustained to the petition more than thirty days before this proceeding in error was commenced, and the case was afterwards stricken from the docket on plaintiff's own motion ; therefore, the plea of the statute of limitations is a bar to this proceeding in error.   *Code* 1859, § 382 ; *Compiled Laws,* *p.* 234, § 4.


*By the Court*, SAFFORD, J.


The facts of the case are as follows : On the 4th day of June, 1856, Amos Rees sold to Elijah S. Wilhite the interest which he claimed to have become possessed of, in and to lots one and two, in block six, in South Leavenworth, Kansas, for the sum of five hundred dollars, payable in five and ten months thereafter. Rees gave to Wilhite his bond, and therein covenanted to make to Wilhite a warranty deed for the lots as soon as the title should be procured by the South Leavenworth Town Association, or by himself.   The lots cov-

ered by Rees's bond were a part of what was known as the Delaware trust lands.

Wilhite afterwards, to wit, on the 3d day of November, 1858, sold the same property to Isaac Young, for the sum of three thousand five hundred dollars, to be paid as follows : one hundred and fifty dollars in hand, eight hundred and fifty dollars in six months, fifteen hundred dollars, in lumber, within eight months, and one thousand dollars in twelve months from the date of sale. Wilhite at the same time gave his bond to Young, and bound himself to cause to be made and delivered to Young, a warranty deed to the lots, free and clear of all incumbrances, when the payments should be made, as above stated.

For the one thousand dollars to be paid in twelve months, Young gave his note to Wilhite, or order, which was dated November 3d, 1858. On the 16th day of February, 1859, Wilhite, by his indorsement on said note, sold and transferred the same to William N. Stone, the plaintiff herein. He also at the same time made and delivered to Stone his quitclaim deed to the premises above mentioned. On the 25th of November, 1859, plaintiff commenced his action against the defendants, setting up substantially the foregoing facts, and demanding judgment against Young, that he pay the amount of the one thousand dollar note, with interest, or that he be barred and foreclosed of all right or claim in the premises described in the bonds of Rees to Wilhite, and Wilhite to Young, and against Rees ; that in default of Young to pay the one thousand dollars, and interest, and upon the payment by plaintiff to Rees of the sum of five hundred dollars, with interest, alleged to be due on the contract of Rees to and with Wilhite, he, the said Rees, should

make, execute and deliver to the plaintiff a good deed of warranty, in fee simple, of said premises.

The defendants filed a demurrer to the plaintiff's petition, on the ground that it did not state grounds sufficient to constitute a cause of action against the defendants, which demurrer was sustained by the court. To reverse this judgment upon the demurrer, the plaintiff brings the case here.

It will be seen, upon examination, that by the terms of the bond given by Rees to Wilhite, Rees was to make a warranty deed for the lots, so soon as the title should be procured by the South Leavenworth Town Association, or by himself. The petition does not aver that either ever acquired any title to the lots; hence it does not show that Wilhite, or his successor in interest, had a right to demand of Rees the deed mentioned in his bond to Wilhite; and the making of this deed being all the relief asked as against Rees, the petition is most certainly bad as to him. In this connection it may be remarked that the plaintiff does not have, or pretend to have, any claim against Rees, otherwise than that a deed was to come from him, through Wilhite, to the said plaintiff, and by virtue of the bond of Rees given to Wilhite.

So far, then, as Rees was concerned, the court did not err in sustaining the demurrer, for the reasons named. But how is it in regard to Young? The plaintiff having set up all the facts in his petition, must be held to rely upon and be bound by the case made by them. Now, the petition shows that Young was to have a good title to the land, on payment as stipulated in the bond, free and clear from all incumbrances. It also shows that at the time suit was brought, the consideration of the bond from Rees to Wilhite had not

been paid, and that plaintiff considered it a lien upon the lots. It further shows that neither Wilhite nor his successor in interest in the note sued upon, was in a condition or had the power to make, or cause to be made to Young, such a deed as was contemplated by Wilhite's bond. Such being the case, as by the plaintiff's own showing appears, ought he to be allowed to prosecute his suit, without at least putting himself in a condition to execute or cause to be executed, the obligation of Wilhite's bond?

But other considerations will dispose of the whole case. When the bond was given by Rees to Wilhite, the title to the land therein described was held by the government of the United States in trust, for the Delaware tribe of Indians. Of this fact there seems to be no dispute, as indeed there could not be, since it is notorious that the city of Leavenworth and additions were laid out on the Delaware Indian trust lands; nor is it doubted that the court below was cognizant thereof, and took such fact into account in deciding upon the demurrer.

It has been adjudged, and upon high authority, that any contract made in regard to the sale of such lands, while thus held in trust, is void, and that neither party can enforce it at law or in equity. It follows, therefore, that Wilhite acquired no right in the premises by virtue of Rees's bond, and, having acquired nothing, he had no interest to sell to Young. The note, then, given by Young in part payment for the land, (and this is alleged in the petition,) was without consideration.

This would, of course, be a good defense to the note as against the payee; nor could the maker be deprived of it by the assignment of the note to a third party, as

the law stood at the time the note here mentioned was executed.   *Laws of* 1855, *p.* 156, §§ 3, 4.

Entertaining these views, we are not disposed to interfere with the judgment of the court below upon the demurrer.

All the justices concurring.