Vickroy v. Pratt.

*2 Pleading; sufficiency.*

All the Justices concurring.

------

G. H. VICKROY v. M. G. PRATT.

PROMISSORY NOTE—*Consideration—Indian Lands.* A note given by one citizen of the United States to another for the sale and delivery of possession of a tract of land to which the Indian title has not been extinguished, is void.

*Error from Labette District Court.*

PRATT brought suit upon a promissory note, of which the following is a copy:

·" $250.    " CHETOPA, KANSAS, OCT. 14, 1869.

" SIXTY DAYS after date I promise to pay to the order of Mathew G. Pratt two hundred and fifty dollars, for value received, negotiable and payable without defalcation or discount, and with interest at the rate of twelve per cent. per annum from maturity.    G. H. VICKROY."

The defendant answered setting up three defenses in substance as follows: He admitted the execution and delivery of the note, but alleged that he gave the same by reason of *Pratt's* representations that he, *Pratt*, was in the lawful and peaceable possession of a certain parcel of land, or " claim," " lying and being situate within the limits of the United States to which the Indian title had not been extinguished," using and cultivating the same for agricultural purposes, and had a lawful right to sell and dispose of his said possession and improvements, and could and would give to plaintiff lawful possession thereof; that plaintiff desired to purchase and possess said claim for agricultural purposes, and in consideration of the premises he gave the note in suit in part payment of the purchase money agreed by him to be paid therefor; that the said lands were not public lands of the United States, but were a part of the lands ceded by the United States to the Cherokee Nation of Indians, and owned and held by said tribe of Indians in common; that plaintiff's possession thereof was unlawful; that he was a trespasser, occupying said claim in violation of the act of congress, and could not give defendant any lawful or rightful possession thereof; that plaintiff and defendant were both citizens of the United States, etc., wherefore defendant alleged the consideration for said note had wholly failed.

To this answer plaintiff demurred. The case was tried at the July Term, 1870. The district court sustained

the demurrer,* and gave judgment for plaintiff. Defendant excepted, and now brings the case here on error.

*Bettis & Kelso*, for plaintiff in error:

1. The demurrer should not have been sustained because it is a penal offense to assume a possessory, or claim right over Indian lands. Sec. 5, Intercourse Act, 1802, Laws of U. S.

Contracts which involve the commission of a penal offense, are void, and courts will not enforce them. A note given in pursuance of such agreement cannot be collected. An agreement to put one in possession of a claim on Indian lands is illegal. 2 Pars. on Cont., pp. 673 to 746, and cases there cited. 26 Iowa, 243. *Stone v. Young*, 4 Kas., 17.

A promise made in consideration of an act forbidden

[* The decision of the district court was as follows: "The three defenses must be construed together, and they shew that defendant did in fact purchase the "claim" from plaintiff; but they *do not* show or state that plaintiff did not give defendant *actual* and peaceable possession; nor that the defendant had not obtained and held *actual* and peaceable possession of the claim, using and enjoying all the improvements thereon; nor that his possession had been disturbed or threatened by the Cherokees, or by any person; nor that he did not know, when he purchased, that the claim was upon the Cherokee Indian Lands; nor that he did not know of the act of congress, and its provisions, respecting trespasses upon said lands; nor that he had not obtained possession of all that he bargained for. True, he says the plaintiff represented that he was in *lawful* possession, and that he would put defendant in *lawful* possession; but he does not say that he was *deceived* by such statement. He does say in his second defense, that plaintiff "falsely represented" that "the claim was on the public lands of the United States;" but he does not say that he *believed* such statement to be true, and besides, this averment is in conflict with the allegation in the first defense that the contract was for the sale of a claim on Indian Lands. If the note is void, it is so because, under the act of congress, the "claim" was not the subject of contract between citizens of the United States. But it would seem, from the answer, that the defendant purchased with full knowledge of the facts and of the law, and that he has received and still retains and enjoys all that he had any right to expect by reason of his contract, and he does not offer to restore the possession and improvements to plaintiff. There is no equity in his defense, and it ought not to be sustained. The plaintiff parted with the actual and peaceable possession of the "claim," and unless the note is paid he is injured; while the defendant by his contract acquired actual and peaceable possession, which, whether lawful or not, is of some benefit to him; and either of these constitutes a good consideration in law, and the plaintiff is entitled to judgment on the note."—Reporter.]

by law, is void. *Craig v. Missouri*, 4 Pet., 410. In this case a note had been given for bills of credit issued by the State of Missouri. The note was declared void because the making of the bills was prohibited by law; and the case was affirmed in the case of *Byrne v. Missouri*, 8 Pet., 40.

The statute, in derogation of which Pratt acted, declares it a penal offense to make a settlement upon Indian lands, to survey, or to mark trees, or otherwise. The evident intention is to prevent trespasses and acts of ownership upon said lands by unauthorized persons. Pratt could not put Vickroy in possession of this land without a violation of this statute. Every statute imposing a penalty, imports a prohibition, and makes the prohibited act illegal. *Clark v. Insurance Co.*, 1 Story, 109.

2. The second defense is complete and good in law. because the note was obtained by fraudulent misrepresentation. Pratt did not own or possess that which he agreed to deliver as a consideration for the note, to-wit: a claim on the *public lands of the United States*. He did, however, possess a claim (unlawfully) on Indian lands. His possession was unlawful and not peaceable. The land could not be lawfully and peaceably held by Vickroy, as represented by Pratt, for agricultural purposes. Hence a total failure of consideration.

3. The third defense is good. These lands were confirmed in the Cherokee Indians by treaty with the U. S. They were to hold in common, and not to alienate. Claimants were trespassers. Citizens of the U. S. could not possess them. See Treaty with Cherokees, 1835. 7 U. S. Stat. at Large.

Pratt's representation that he had the right to deliver the peaceable, rightful and lawful possession was false,

and induced the making of the note. Pratt has parted with nothing, and is consequently in *statu quo*. Vickroy intended to buy something, and got nothing; and hence should have relief from this note.

*Crichton & Graham*, for defendant in error. No brief filed.

The opinion of the court was delivered by

BREWER, J.: A single question determines this case. Pratt, plaintiff below, brought suit on a promissory note. Vickroy, defendant below, filed an answer with three counts. A demurrer to the answer was filed and sustained. No application being made to amend the answer, judgment was rendered for the amount of the note and interest. Does either count in the answer present a defense to the note sued upon? The first, in brief alleged that the note was given in consideration of the sale and delivery of possession of a tract of land to which the Indian title had not been extinguished; that both parties were citizens of the United States; that plaintiff was not a member of any Indian tribe, nor licensed to enter upon said Indian lands, but on the contrary, his possession thereof was in violation of law. We fail to see why these facts do not show a want of consideration. A sale of the land carried nothing, because Pratt had no title. A delivery of the possession was not a good consideration, for Pratt was a trespasser, and had no lawful possession to surrender. *Stone v. Young*, 4 Kas., 28.

We think the court erred in sustaining the demurrer, and for this reason the judgment must be reversed, and the case remanded for further proceedings.

All the Justices concurring.