TYE vs CHICKASHA TOWN CO.

Opinion delivered January 12, 1899.

1. *Promissory Note—Consideration—Transfer of Right to Occupy Indian Lands.*

The transfer of the right of occupancy of a town lot in the Indian Territory is a sufficient consideration to support an action on a promissory note, though the title to such ground is in the Indian tribe.

(8)

*2.   Sale of Town Lot in Indian Territory—Public Policy.*

> The sale of town lots in the Indian Territory by an association or partnership is not void, as being against public policy.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by the Chickasha Town Company against R. P. Tye. Judgment for plaintiff. Defendant appeals. Affirmed.

This suit was originally instituted in the United States commissioner's court at Chickasha, Indian Territory, on the 30th day of April, 1897, by appellee against appellant, to recover on two promissory notes of $63.13 and $50 respectively, together with interest and attorney's fees; said notes being executed by appellant on the 18th day of December, 1893, in favor of appellee, and payable in three and six months from date, respectively. Summons was served on appellant on the 6th day of May, 1897. On the 7th day of June, 1897, appellant filed a demurrer to appellee's complaint, on the ground that there was a defect of parties plaintiff, and on the same day, said demurrer coming on for a hearing, the same was sustained. On the same day appellant filed a motion to strike out all that part of appellee's complaint wherein it seeks to recover attorney's fees, and, the same being heard by the court, said motion was sustained. On the 7th day of June, 1897, appellant filed his answer in said cause, in which he admitted the execution of said notes sued on, but alleged that said notes were each and both without any legal and valid consideration, but were executed and delivered by appellant to appellee solely for a pretended transfer by appellee to appellant of a pretended right appellee represented that it had in and to the use and occupation

of a certain tract or parcel of land situate in the town of Chickasha, Ind. Ter., designated as lots 23 and 24, in block 55, of said town, which tracts were then and there lying open, uninclosed, unoccupied, and wholly bare of improvements of any kind or description; said property being the property of the Choctaw and Chickasaw Nations of Indians, of the Indian Territory, held in common by said Indians. And, at the time said pretended transfer was made, appellee represented that such right was a legal one, and that it had the right to convey, while, in truth and in fact, it had no such right whatever to the possession and use of said land, did not convey any such right upon appellant, and had never acquired any such right since said time to inure to appellant, except the consent of appellee to trespass upon said lands. Appellant, further answering, alleges that appellee was organized for, and carried on the sole business of, trafficking in, and appropriating to its own use, as a basis of speculation, the open and unoccupied lands held in common by the Choctaw and Chickasaw Indians; and avers that all transfers, made by it, in carrying out the purposes of such organization, particularly the present transfer to appellant, were illegal, contrary to the laws of the United States, the laws of the Chickasaw Nation, contrary to public policy, and were void. The case came on to be heard on the 7th day of June, 1897, before the United States commissioner, and was tried before a jury. Upon the hearing of the case the jury, under the instructions of the commissioner, returned a verdict for appellant. Thereupon the court rendered judgment for appellant. On the 24th day of June, 1897, appellee filed its affidavit for appeal, as required by law, and appealed to the United States district court. On the 10th day of August, 1897, notice of appeal was served on appellant; and on the 11th day of August, 1897, the papers in the case were filed in the United States court, at Chickasha. On the 12th day of February, 1898, appellee filed a demurrer to appellant's ans-

wer, alleging that the facts stated in appellant's answer are not sufficient to constitute a defense, which demurrer, upon a hearing before the court, was on the 16th day of February, 1898, sustained; to which ruling appellant then and there excepted.    Thereupon the court rendered judgment for plaintiff by default, to which appellant excepted.    On the 18th day of February, 1898, appellant filed his motion for a new trial, and on the same day the court overruled the motion; whereupon appellant excepted, and prayed an appeal to the court of appeals of the Indian Territory, and the same was granted.

*D. D. Sayer,* for appellant.

*D. B. Davidson* and *F. E. Riddle,* for appellee.

SPRINGER, C. J.    The error assigned in this case is the action of the trial court in sustaining appellee's demurrer to appellant's answer.    The substance of the answer is given in the statement of the case.    Appellee contends that the answer of the appellant did not set forth a ground of defense.    The trial court sustained the demurrer.    Appellant insists that the consideration for the notes sued on was illegal, against public policy, and not enforcible at law; that it clearly appears that this land was a part of the unsegregated domain of the Chickasaw Nation, and that appellee could not have such an interest in the use and occupation thereof as would constitute a valid consideration for the notes sued on in this case; that persons, other than citizens of the Choctaw and Chickasaw Nations, have no such right as that asserted in this case to the use and possession of particular tracts of land in said nations, when the same are uninclosed and unimproved.    In support of this contention, appellant's counsel cite the case of Vickroy vs Pratt 7 Kan. 238, in which case the court, through Judge Brewer, who as then a member of that court, said: "A single question

determines this case.    Pratt [plaintiff below] brought suit on a promissory note.    Vickroy [defendant below] filed an answer in three counts.    A demurrer to the answer was filed and sustained.    No application being made to amend answer, judgment was rendered for the amount of the note and in-terest.    Does either count in the answer present a defense to the note sued on?    The first, in brief, alleges that the note was given in consideration of the sale and delivery of possession of land to which the Indian title had not been ex-tinguished; that both parties were citizens of the United States; that the plaintiff was not a member of any Indian tribe, nor licensed to enter upon said Indian lands, but, on the contrary, his possession thereof was in viola-tion of law.    We fail to see why these facts do not show a want of consideration.    A sale of the land carried nothing, because Pratt had no title.    Stone vs Young, 4 Kan. 28.    We think the court erred in sustaining the de-murrer, and for this reason must be reversed, and the case remanded for further proceedings. All justices concurring."    The Vickroy Case is not in point.    The conditions in Kan-sas were different from those which exist in the Indian Ter-ritory.    The notes given in that case were for "the sale and delivery of possession of land to which the Indian title had not been extinguished."    The court in that case very prop-erly held that "a sale of land carried nothing, because Pratt had no title."    The conditions in the Indian Territory are such that both parties to the transaction involved, in the ex-ecution of the notes sued on in the case at bar, must have known that a sale of the lots in question was not contem-plated or intended, no matter what may have been the lan-guage used in the deed.    There could have been no fraud practiced in this respect.  All parties must have known that a mere right of occupancy passed, and nothing more.  The ap-pellant knew at the time that the appellee had no title to the lots; that the title was in the Choctaw and Chickasaw Nations;

and that all that passed by the conveyance was appellee's right of occupancy, whatever that may be. It was effectual to put appellant in peaceable possession of the lots. The transfer of such a possession is a sufficient and valid consideration for the notes sued on in the case at bar. This court in the case of the Walker Trading Co. vs Grady Trading Co., 1 Ind. Ter. 191, held that "a contract for rental by a citizen of the United States of lands or lots in the Indian Territory is valid, to all intents and purposes, where all the requisites of a valid contract are complied with: and a person who enters into a contract to lease such improvements cannot question his landlord's title, and is subject to the statute in force in the Indian Territory for the possession of such premises by an action of unlawful detainer." And in the case of Kelly vs Johnson, Id. 184, this court held that a citizen of the United States who had purchased the right of occupancy of a town lot from a citizen of the Indian Nation, who had segregated it from the public domain, had such a possession as all persons are obliged to respect, and from which the vendee could not be ejected without due process of law, and that it was sufficient to sustain an action for forcible entry and detainer. If the peaceable possession to lots in the Indian Territory, which a citizen of the United States may acquire, is such a right as entitles the occupant to maintain an action of unlawful detainer or forcible entry and detainer, and is such a possession as all persons are obliged to respect, and from which the occupant cannot be ejected without due process of law, as held by this court heretofore, it is clearly such a right that its transfer will constitute a a valid consideration for the execution of a promissory note.

The contention of appellant that the partnership which did business under the firm name of the Chickasha

Town Company was illegal in its inception, that its purpose was contrary to public policy, and that it has no standing in court, is not tenable. The persons composing the partnership doubtless assumed the firm name of the Chickasha Town Company as a mere matter of convenience. They were simply individuals, and their names properly appear in the pleadings in the case. Their individual names are essential to support the action. If one man may may do what they did, two or more may also do so. The business in which they were engaged was not prohibited by any law of congress or of any Indian tribe. The trial court did not err in sustaining the demurrer to appellee's answer. It set up no valid defense to the action; no valid reason for failure to pay the notes sued on in this case. The judgment of the court below is therefore affirmed.

CLAYTON, J., concurs.