THE STATE EX REL. BARBER, Appellant, vs. MCBAIN, Clerk,
etc., Respondent.

*February 24 — March 14, 1899.*

*Terms of court: Final adjournment: Powers of clerk.*

1. The term of office of a circuit judge expired on Monday, January 3d.
   On the preceding Thursday, December 30th, he instructed the
   clerk to hold open the current term of court during the ensuing
   two days and until the expiration of his said term of office, and
   that then the business of the term would be concluded and the
   term would stand adjourned. *Held*, that this was not a direction
   to the clerk to enter a final adjournment.
2. Final adjournment of a term of court is a judicial act, requiring the
   presence of the court, and power to perform it cannot be delegated
   to the clerk.
3. Where the court has merely directed that a term be held open, with-
   out adjournment to any specific day, and the judge thereafter fails
   to attend, the clerk has no power, under sec. 2573, Stats. 1898, to
   enter a final adjournment. The power given by that section is to
   be exercised only within the exact conditions there prescribed,
   that is, when the judge fails to attend at the time fixed by law for
   holding the term, and for three days thereafter, or when he so fails
   to attend on a day during the term which has been fixed by an ad-
   journment thereto.
4. Under sec. 2572, Stats. 1898, a term of court does not come to an end
   by failure to adjourn to a specific time, but once commenced it
   continues until terminated by an affirmative judicial act or by the
   commencement of a new term.

APPEAL from an order of the circuit court for Eau Claire county: JAMES O'NEILL, Circuit Judge.  *Affirmed.*

The relator was plaintiff in a suit to close up a corporation from which he, a stockholder, had received certain security for advances.  On December 30, 1897, order and judgment was entered allowing final account of the receiver, sustaining plaintiff's security, and directing distribution of the proceeds of assets amongst creditors.  The next regular term of that court commenced the third Monday of March.  It had been a custom of the judge to keep the term in Eau Claire county open, so that court business could be done at any time, and this was accomplished by a direction to the clerk simply "to hold the court open."  The term of the then circuit judge (BAILEY) expired on Monday the 3d of January.  He had ten days previously announced to the bar that he should adjourn the court for the term at the expiration of his term of office.  On December 30th, at the close of business, he gave certain instructions to the clerk, as to which he and the clerk, in affidavits now made, differ.  He states that his instructions were "to hold said term open during Friday and Saturday, being the 31st of December, 1897, and the first day of January, 1898, and until the expiration of affiant's term of office, and that then the business of the term would be concluded and the term would stand adjourned."  The clerk states the judge's instructions to have been: "Hold it open just as we have done.  I will be here to-morrow and Saturday."  The entry on the records is the usual one: "Court held open."  Judge BAILEY did not attend or hold court either Friday or Saturday.  On January 18, 1898, the then circuit judge (O'NEILL) made an order to show cause, returnable before said court on February 1st, why that judgment and certain orders should not be vacated and set aside, and amendments and changes in pleadings be permitted, practically reopening the whole matter, upon which order to show cause the said judgment and order have been fully vacated, and various proceedings since had.  The

The State ex rel. Barber vs. McBain.

prayer to the circuit court was for a writ of *mandamus* commanding the respondent, as clerk, to enter and record a final adjournment of said December term, 1897, on the minutes of said court, *nunc pro tunc* as of some date which the court should direct, prior to the 18th day of January, 1898, as provided by section 2573 of the Revised Statutes of Wisconsin, or show cause to the contrary.

For the appellant there was a brief by *Frawley, Bundy & Wilcox,* and oral argument by *C. T. Bundy.* They argued, among other things, that if a judge adjourns the court without fixing any time for it to reconvene, it cannot again convene before the next regular term.  12 Am. & Eng. Ency. of Law, 296; *People v. Sanchez,* 24 Cal. 17; *Wight v. Wahlbaum,* 39 Ill. 554; *People v. Bradwell,* 2 Cow. 445; *Irwin v. Irwin,* 2 Okl. 180; *In re McClaskey,* 2 Okl. 568; *In re Terrill,* 52 Kan. 29.  An adjournment must be either without day or to a day certain.  1 Ency. of Pl. & Pr. 243; *Johnson v. Railway Co.* 47 Ohio St. 318.  The power to adjourn a court is a judicial power which cannot be exercised by the clerk without statutory authority.  6 Am. & Eng. Ency. of Law (2d ed.), 135, 136, note; 1 Ency. of Pl. & Pr. 241; *Irwin v. Irwin,* 2 Okl. 180; *In re Terrill,* 52 Kan. 29.

For the respondent there was a brief by *F. M. Miner* and *Fleming & Blum,* attorneys, and *Olin & Butler,* of counsel, and oral argument by *H. L. Butler.*

Dodge, J.  Appellant apparently makes three contentions: First, that the direction of the court given on December 30th made it the duty of the clerk to enter on the record a final adjournment upon January 1st; second, that the statute (sec. 2573, R. S. 1878) made it the duty of the clerk, upon nonappearance of the judge either on December 31st or January 1st, to enter daily adjournments for three days, and then to finally adjourn the term; third, that by failure of the court to adjourn to a specific time the term came to

an end.   Without stopping now to discuss whether any, and, if so, what, of these contentions, if sustained, would support the relief prayed, namely, *mandamus* commanding the clerk to enter and record a final adjournment on some date prior to January 18th, we will consider these several positions.

1. The petition, with the attached affidavits made part thereof, does not support appellant's first contention, as a fact.   The utmost force that can be given to Judge BAILEY's own statement of what transpired only establishes that the clerk was instructed to make entry holding the court open for the ensuing two days, with the expectation that the court would then be present, accompanied by a declaration that the judge on December 30th had a purpose to finally adjourn the term on January 1st.   Final adjournment is a judicial act, requiring the presence of the court to perform; and, as the court was not sitting on the 1st of January, such judicial act could not have been performed.   Many of the authorities hold that power to perform such act cannot be delegated to the clerk; so that, even had Judge BAILEY on December 30th definitely instructed the clerk to finally adjourn the term on January 1st, it would not have been effective to authorize such act.   *In re Terrill*, 52 Kan. 29; *In re McClaskey*, 2 Okl. 568.

2. The second contention of appellant also fails of support in the facts alleged.   Sec. 2573, of course enacted for the purpose of preventing the failure of a term, confers power on the clerk only to enter a final adjournment, first, when the judge fails to attend at the time fixed by law for holding the term of court and for three days thereafter, and, secondly when he so fails to attend on a day during the term which has been fixed by an adjournment thereto. Neither of these conditions is here present.   The court had not adjourned to a specific day, but had merely made an order, now become entirely customary with our courts and

with the courts of the United States, that the term be "held open," the effect of which is merely that the adjournment is to a time to be fixed in the future according to the exigencies of business. *East Tenn. I. & C. Co. v. Wiggin,* 68 Fed. Rep. 446; *Harrison v. German-Am. F. Ins. Co.* 90 Fed. Rep. 758, 762. This statutory power of the clerk to thus exercise the judicial function in putting an end to the existence of the court until the next term is an extreme one, and is to be exercised only within the exact conditions prescribed by the statute, which clearly contemplates a situation analogous to the commencement of a term by law, and a similar failure of the judge to be present at an appointed time, in order to confer this authority on the clerk.

3. The proposition that, unless a term of court is kept alive by adjournment from one day to another, the court goes down for that term and can have no business existence again until revived by the commencement of a new term, is expressly negatived in Wisconsin by sec. 2572, which provides that no omission to adjourn from day to day, previous to final adjournment, shall vitiate any proceedings in such court. The same conclusion has been reached by other courts without such legislation. *Schofield v. Horse Springs C. Co.* 65 Fed. Rep. 433; *People v. Sullivan,* 115 N. Y. 185; *In re Dossett,* 2 Okl. 369. According to modern policy and methods, a term of court, having been duly commenced, continues until the court itself, by an affirmative judicial act, terminates it, or until the next term. Freeman, Judgments, § 90; *Hume v. Bowie,* 148 U. S. 245; *Schofield v. Horse Springs C. Co., supra; Union Pacific R. Co. v. Hand,* 7 Kan. 380. In deference to modern methods of business in court, involving in many jurisdictions the combination of equitable and legal proceedings, the term of court has come to mean a period of time within which there may be many sessions, while anciently it meant a single session, indeed, originally, a single day, which in order to meet the demands of busi-

ness was enlarged in fact to several, although in theory the single day extended over the whole sitting. No state has gone farther than Wisconsin in its legislation to indicate a policy of vesting in its courts complete discretion and control over the times and methods of conducting their business, and of relieving them from technical restrictions thereon. Secs. 2422a, 2427, 2428, 2429, 2572, 2573, Stats. 1898, and many others, evince such policy;-and it may safely be said that between the legal commencement of the term, and the time when it is expressly terminated by a judicial determination or by the commencement of a new term, the power of the court over the time when, and the manner in which, business before it shall be conducted, is complete (*Barrett v. State*, 1 Wis. 175; *Green v. Morse* [Neb.], 77 N. W. Rep. 925), with only the limitation that if such power is abused to the prejudice of a litigant error may be predicated thereon and may be reviewed and corrected.

The petition does not show that the December term of the Eau Claire circuit court had been finally adjourned, either by the court, or by the clerk under circumstances authorizing him to do so; and for that reason, without considering others, the action of the court in quashing the alternative writ was proper.

*By the Court.*— Order quashing alternative writ of *mandamus* is affirmed.