## Wesley Dees v. State of Mississippi.

Courts, Circuit. *Special terms. Duration. Code* 1892, § 912. *Ib.*, 630.

A special term of court, called under Code 1892, § 912, need not be limited by the judge in the call, and, when not so limited, may continue in session as long as business requires, without reference to the length of regular terms as fixed by law.

From the circuit court of Neshoba county.

Hon. Green B. Huddleston, Judge.

Dees, the appellant, was indicted for murder by the grand jury of Neshoba county, at a special term of the circuit court of said county, called by order of the judge to be held, beginning on the fourth Monday of November, 1899. The judge did not, in the call, place any limitation on the length of the term. The appellant was indicted during the first week of the special term; his case, however, was not called for trial until Monday of the second week thereof, when the trial was begun. It continued for several days, resulting in the conviction of the defendant, the jury fixing his punishment at imprisonment in the penitentiary for life.

The appellant moved the court to set aside the verdict, because, as he contended, the conviction was *coram non judice*, claiming that a special term of the circuit court could not continue in session more than one week, since by statute the regular terms of said court for the county were limited to six days. The motion was disallowed and Dees duly sentenced according to the verdict. The defendant appealed to the supreme court.

*E. V. Hughston*, for appellant.

The whole trial of appellant, beginning on the fourth day of December, 1899, was *coram non judice* and void. The court had expired because of the limit fixed by law. Time and place are essential constituents of the organization of a court. 8

Am. & Eng. Enc. L. (2d ed.), 24. A court is a body in the government, organized for the administration of justice at the time and place prescribed by law. *Ib.*, 22; *Palmer* v. *State*, 73 Miss., 780. A court held out of time is no court. The time fixed by law for holding court in Neshoba county is a period of six days, which period we call a term, and any court held in said county after the expiration of the six days, prescribed by law is void, unless there has been an order for the commencement of a new term properly made, or unless it is for the continuance of some trial already begun, as provided for by law. The pretended court which convicted appellant was not a continuance of the special November term.

It is true that this purported to be a special term of the court, held because of the failure of the preceding regular term. The word term necessarily implies a limit. There must be a fixed or definite period of time during which the court must be held. *Palmer* v. *State*, 73 Miss., 780. Terms of court are those stated periods of time during which courts sit for the dispatch of business. The frequency and duration of terms depend upon the constitution of the court. 25 Am. & Eng. Enc. L., 949. Term is a space of time during which a court holds a session. Bouvier's Law Dic. As applied to time, the word "term" signifies a fixed period, a determined or prescribed duration. Abbott's Law Dic. Webster defines the word "term" as "a bound or boundary, the extremity of anything, that which limits its extent. The time for which anything lasts, as a term of five years, the term of life. The time in which a court is held open for the trial of causes." From these definitions there must be something to limit the extent or duration of this special November term. The order fails to do so. Then it must be limited by law, and the law does limit it to six days. At a special term the court is authorized to hear and determine all civil and criminal business in the same manner as at a regular term. Code 1892, § 630. This section in no way enlarges the jurisdiction of a court if holding a

special term, and if this had been at a regular term this cause could not have been tried after the expiration of the six days. This provision regulating special terms is first found in the Code of 1857. Prior to that the limit of a special term was the requirements of pending business. Hutch. Code, 741. But this limit was repealed by the adoption of the Code of 1857, which inserted in lieu thereof a provision which regulated them in the same manner as regular terms.

*Monroe McClurg*, attorney-general, for appellee.

From necessity the regular terms of the circuit courts are limited to a fixed number of days for each county, but there is no limitation fixed for the duration of special terms, nor can the clerk and sheriff fix one by failure to provide juries for more than one week. The theory adopted by counsel, that because the regular term is limited to six days, the special term must necessarily be so restricted, is not well founded. Indeed, the reasons for calling a special term indicate the converse idea, namely: that the business is too much to be disposed of within the time allotted by law for the regular term, or the regular term has lapsed or been pretermitted, and the judge is authorized to use any and all spare time at his command to transact that business. There was no limitation of time in law, and none in the order of the judge for the holding of said special term, therefore, there is absolutely no point in the contention that the term expired by the operation of law at the end of six days. Code 1872, §§630 and 912.

TERRAL, J., delivered the opinion of the court.

Wesley Dees was convicted at a special term of the circuit court of Neshoba county of the murder of Elijah Fulton, and was sentenced to the state penitentiary for life. A regular term of the circuit court of Neshoba county is limited by law to six days. The circuit judge ordered a special term of said court to be convened on the fourth Monday in November, 1899,

without specifying any period for its conclusion. The court in fact continued into the second week after it convened. Upon a day of the first week of said court the defendant was indicted, and upon a day of the second week of said term of court the defendant was put upon his trial, and was convicted and sentenced as aforesaid; and, because the trial of the defendant commenced in the second week, it is insisted that his trial and conviction are *coram non judice* and void. It is insisted that the circuit judge could not, by any authority vested in him, continue a special term of court longer than six days, the limit of a regular term of court, or, if he could do so, it must be done by him in the order calling the special term, and that otherwise the limitation of six days attaches.

Our code, § 912, provides that a circuit judge may call a special term of court when the business of the court may require, and § 630 provides that the court at a special term shall have full jurisdiction to hear and determine all civil and criminal business in the same manner as at a regular term, and we are of the opinion that the special term of the court in this case was properly continued during the second week. This case of Dees, at least, was there undisposed of, and required a trial, and for this matter, as well as for other matters, this special term was called, to continue, of necessity, so long as the business of the court should require. A regular term of court for every county is limited to a fixed number of days, but the number of days of a special term is not fixed by the statute, because it is to close up unfinished business, and the judge does not fix it because the power to adjourn it is in his own hands, and, if predetermined, he might not meet the requirements of the business of the court. A special term of court is not limited by law to any fixed number of days, and, when called, the judge may keep it open so long as it may be necessary for the public service. Hutchinson's code, ch. 53, art. 8, p. 740, provides that, when a special term of court shall have been ordered, it shall continue until all the business

pending shall be finished.   The express provision of this early code is, we think, a necessary and reasonable implication from our present statutes on the subject, and this construction is strongly fortified by the principles of the common law.

In *People* v. *Sullivan*, 115 N. Y., 185, s.c. 21 N. E., 1039, Sullivan was put upon his trial on the twelfth of March, 1888, and at the end of the day the court adjourned until 10 o'clock, March 13th.   On account of a snow blockade, the court did not meet on the thirteenth.   On the fourteenth of March the trial was resumed, and upon his conviction, he interposed an objection that the proceedings of the court were *coram non judice* and void.   Peckham, J., said: "Nothing but the most rigorous rule of law should, under the circumstances, compel a court to admit its loss of jurisdiction, and the consequent failure of all proceedings taken before it.   If, from the positive commands of any statute, or the decision of some court which is binding upon us, we are compelled to so decide, nothing more need be said.   We do not think there is such a statute or decision.   The term of the court having been regularly opened, its continued existence thereafter would by the common law be regarded as but one day.   All the business done at a term of court was by that law referred to its commencement, unless the law directed certain acts to be done on certain days.   There is an inherent power in a court to adjourn its proceedings from day to day so long as it is necessary to finish the business legitimately brought before it, unless by the terms of some statute its existence is sooner brought to a close."

In *Townshend* v. *Chew*, 31 Md., 247, it is said that a "term of the circuit court continued until the call of the next succeeding term, unless it should affirmatively appear that before that time it had, by order of the judge, been adjourned *sine die;*" and this decision is approved in Freem. Judgm., sec. 90.   In *Railway Co.* v. *Hand*, 7 Kan., 238, the court was adjourned on Saturday until the next Monday, but it did not in fact meet until the ensuing Wednesday, and it was argued that it had lost

jurisdiction. It was, however, held that, the court having once opened, it so continued until the term expires, or an adjournment *sine die* is made. In *State* v. *McBain*, 102 Wis., 431, s.c. 78 N. W., 602, it is said: "According to modern policy and methods, a term of court, having been duly commenced, continues until the court itself, by an affirmative judicial act, terminates it, or until the next term." In *Re Dossett*, 2 Okl., 369, s.c. 37 Pac., 1066, it is declared: "We are unable to say that after a session of court is once regularly commenced, on the day fixed by law, it can expire in any manner, except by adjournment *sine die* or by operation of law. This rule is too well settled to admit of controversy." *Hume* v. *Bowie*, 148 U. S., 245, s.c. 13 Sup. Ct., 582, 37 L. Ed., 438, may be cited as maintaining the principle here announced; and we conclude that the learned circuit judge rightly continued the court until the charge made against the defendant was tried and ended.

2. We think the *corpus delicti* was fully proven, and that the verdict is amply supported by the evidence.

3. We find no error in the instructions, as the instructions given cover the points made in those that were refused, wherefore the judgment of the circuit court is

*Affirmed.*