Cooper, Appellant, vs. Granger, Respondent.

*May 8—June 21, 1906.*

*Terms of court: Duration: Adjournments: Presumptions: Vacating judgment: New trial: Imposition of costs.*

1. Under sec. 2572, Stats. 1898, a term of court does not come to an end upon an adjournment "subject to the order of the judge," but continues until the final adjournment thereof without day or the commencement of a new term.

2. An order, dated on the day of the opening of a new term, recited that said day was an adjourned day of the previous term. After making the order the court adjourned *sine die*. *Held*, that it will be presumed that such adjournment took place prior to entering upon the business of the new term.

3. It was not error not to impose costs upon setting aside a verdict and judgment for the reasons, among others, that the court committed errors upon the trial and that the verdict was perverse.

APPEAL from an order of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

This is an action for malicious prosecution. Issue being joined and trial had, the jury at the close thereof and on June 28, 1904, returned a verdict in favor of the plaintiff and assessed her damages at $400. Thereupon the court by an entry in the minutes ordered a stay of proceedings. July 18, 1904, the defendant entered a motion to set aside the verdict and for a new trial upon the minutes of the judge, and procured a stay of proceedings until further ordered. Upon the motion being called for hearing the defendant's attorney stated in open court that his client had changed his mind and did not want a new trial, whereupon the court ordered that such stay of proceedings be and the same was thereby set aside and vacated. July 19, 1904, the court "adjourned subject to the order of the judge." July 21, 1904, judgment was perfected in favor of the plaintiff for the amount of the verdict and costs. November 23, 1904, an attorney not of record in the case moved to set aside the verdict and grant a new trial upon the minutes of the court. Objection being made to the appearance of such attorney without substitution, leave was granted to the plaintiff to corroborate such objection by affidavit, and the court thereupon took the question under advisement and "adjourned subject to the order of the judge." December 30, 1904, the court overruled such objection, and ordered that the attorney who made such motion be and he was thereby substituted as attorney and counsel for the de-

fendant. On January 3, 1905, "the June, 1904, term of court opened by order of judge," and the following written order was made:

"This action having been brought on for trial before the court and a jury at the regular June, 1904, term of said court, and the jury having returned a verdict herein in favor of the plaintiff and against the defendant, and this action having been brought before the court on this 3d day of January, A. D. 1905, on a motion to vacate and set aside said verdict and judgment herein, and said motion being heard on an adjourned day of said June, 1904, term of said court, and after hearing counsel for the defendant as well as counsel for the plaintiff, and the court being fully advised herein, on motion of John B. Hagarty, of counsel for the defendant, it is hereby ordered that the verdict and judgment herein be and the same are hereby vacated and set aside, because the same are against the law, and because the same are against the evidence, and because the court erred in instructing the jury, and because the court erred in excluding evidence offered by the defendant, and because the court erred in admitting evidence against the objection of the defendant, and for the reason that defendant's counsel failed to argue the case to the jury, and because the damages herein assessed by the jury are excessive, and because the verdict was and is perverse.

"Done this 3d day of January, 1905."

After granting said motion the court ordered that the judgment stand as security, and thereupon adjourned *sine die.* Afterwards and on June 6, 1905, said order was entered of record. From that order the plaintiff appeals.

The cause was submitted for the appellant on the brief of *G. E. Schwindt,* and for the respondent on that of *John B. Hagarty.*

CASSODAY, C. J. 1. The proceedings in the action between the time of the rendition of the verdict and the making of the order appealed from are fully set forth in the foregoing statement. It is urged that the order should be reversed because the motion to set aside the verdict and grant a new trial

upon the minutes of the judge "was not joined with a motion to vacate the judgment." *Bailey v. Costello,* 94 Wis. 87, 93, 68 N. W. 663. But a sufficient answer to such objection is that the order itself recites and declares that "on a motion to vacate and set aside said verdict and judgment" the same were "vacated and set aside." We cannot say from the record before us that such statements were not correct.

2. It is further contended that such motion was improperly granted, because it was based upon the minutes of the judge and was not made and determined at the trial term, which was in June, 1904. *Whitney v. Karner,* 44 Wis. 563; *Dufur v. Home Inv. Co.* 122 Wis. 470, 100 N. W. 831. The argument seems to be that the adjournments of July 19, 1904, and of November 23, 1904, subject to the order of the judge, without any adjournment to a specific day, operated as a termination of the June, 1904, term of the court. The statute provides that a motion made but not decided during the term is deemed to be overruled, and an exception to such constructive denial is to be allowed. Sec. 2878, Stats. 1898, as amended by ch. 100, Laws of 1901. The statute also declares:

"No omission to adjourn any such court from day to day, previous to the final adjournment thereof without day, shall vitiate any proceedings in such court." Sec. 2572, Stats. 1898.

Under this section it has been held that "a term of court does not come to an end by failure to adjourn to a specific time, but once commenced it continues until terminated by an affirmative judicial act or by the commencement of a new term." *State ex rel. Barber v. McBain,* 102 Wis. 431, 435, 436, 78 N. W. 602. It follows that the June, 1904, term of the court continued until the commencement of the new term of the court, unless sooner terminated by the affirmative action of the court in adjourning such term. The first day of the new term was January 3, 1905. The order recites, in effect, that the "motion to vacate and set aside said verdict and judg-

ment" was "heard on an adjourned day of said June, 1904, term of said court," being January 3, 1905, on which day the order was made and signed; and the record shows that upon granting said motion and ordering the judgment to stand as security the court adjourned *"sine die."*   Such order was effectual though not entered of record until June 6, 1905. Thus, it appears that the adjournment of the June, 1904, term was on the same day as the opening of the new term.   The fair presumption is that such adjournment of the June, 1904, term took place prior to entering upon the business of the new term.   Certainly, error is not to be presumed.

3. Error is assigned for setting aside the verdict and judgment without imposing terms.   The order appealed from states the grounds upon which it was based, and, among others, that the court erred in charging the jury, in excluding evidence, in admitting evidence, and because the verdict was perverse.   The failure to impose costs in such a case is not error.   *Maxon v. Gates,* 112 Wis. 196, 202, 88 N. W. 54, and cases there cited.

*By the Court.*—The order of the circuit court is affirmed.