45    453̄
d100a²169

DANIEL R. BRANDT

*v.*

WILLIAM Y. DANIELS.

CHATTEL MORTGAGES—*when a mortgagee will be deemed to have waived his right to the property—as against a subsequent purchaser for value—without notice.* D, a mortgagee of chattels, consented to their sale by H, the mortgagor, to G and H, who took possession of the property, verbally agreeing with D to pay the mortgage debt within a specified time. Afterward, G and H mortgaged the property to B, who, upon his debt maturing, foreclosed his mortgage and bought in the property. *Held,* in an action of trover by D against B, that B was entitled to the property, D having waived his mortgage as against B, who was a subsequent purchaser for value, without notice.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

The facts in this case are fully stated in the opinion.

Mr. G. W. BRANDT, for the appellant.

Messrs. STORRS & JOHNSTON, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of trover for certain chattels. The case was: one Van Osten executed a mortgage to Daniels on chattels of the description of those in controversy, to secure a debt. Van Osten, with the knowledge and consent of Daniels, sold the chattels to one Harpel, he (Harpel) giving a new mortgage thereon to Daniels. Parties acting in the firm name of Gallagher & Hunter proposed to purchase the property from Harpel, and were informed, by the record, of the mortgage to Daniels. They concluded the purchase from Harpel with Daniels' consent, he (Daniels), without taking a new mortgage from Gallagher & Hunter, relying upon their verbal promise to pay him the debt due by the mortgage in ninety days. Gallagher & Hunter took possession of the chattels and of the leased prop-

erty in which they were, made alterations in them and mixed them up with other similar chattels greatly exceeding them in value, and, on the strength of their possession and open ownership, contracted a large debt with Brandt, he (Brandt) having no personal knowledge of any incumbrance on the property, they assuring him it was entirely unincumbered.

The debt not being paid at maturity, Brandt foreclosed his mortgage and bought in the property. Daniels made a demand on him for it, and on refusal brought his action of trover, and recovered a judgment for $250.

The question is, who had the best right to these chattels?

We are of the opinion, that, by the consent of Daniels to the sale by Harpel to Gallagher & Hunter, and the transfer of possession to them, on their parol promise to pay him in ninety days, Daniels waived his mortgage as against Brandt, who was a subsequent purchaser for value, without notice.

The instructions which the court gave for plaintiff contravening this principle were wrong, and the court should have given the following instruction asked by defendant:

"If the jury believe, from the evidence, that, when Harpel and Gallagher & Hunter were negotiating a sale of the chattels mentioned in the declaration, Daniels was informed of said negotiation, and assented to the sale of said property to Gallagher & Hunter, and took their verbal promise to pay the mortgage from Harpel in ninety days, and suffered the said chattels to remain in the possession of Gallagher & Hunter, without any other conveyance or mortgage being given, and that D. R. Brandt & Co. sold goods to said Gallagher & Hunter on credit, while so in possession of said chattels and that Brandt took possession of said chattels under a mortgage on said goods, and other goods, to secure the payment of said debt, then the jury are instructed that the plaintiff, Daniels, would be estopped from setting up said mortgage from Harpel against the defendant, and the law on that point is for the defendant, and the jury should find him not guilty, unless he had actual notice of the mortgage from Harpel to the plaintiff."

This is not like the case of *Van Pelt* v. *Knight et al.*, 19 Ill. 535, cited by appellee, as there the first mortgagee had taken possession of the property under his mortgage, while here it had been been delivered to the purchasers with the consent of the first mortgagee. Brandt had every right to believe Gallagher & Hunter were the real owners of the property, and was not bound to notice any mortgage Harpel may have executed to Daniels. They got it by fair purchase, took it into their possession, and were clothed, with Daniel's consent, with one of the strongest *indicia* of ownership, and if Daniels has suffered a loss, it was by his own procurement. It may be likened to an absolute sale of the property by Daniels to Gallagher & Hunter, and a delivery of possession. In the case of *Brundage* v. *Camp*, 21 Ill. 330, it was held, a conditional sale with an absolute delivery, entitled the second purchasers of the property to hold it against a replevin brought by the first vendor.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*