Bailey vs. Costello.

### BAILEY, Respondent, vs. COSTELLO, Appellant.

*September 22 — October 13, 1896.*

(1-3) *Chattel mortgages: Filing: Consent to sale by mortgagor: Estoppel: Removal of mortgagor: Refiling.* (4, 5) *Appeal: Exceptions to findings: Motion for new trial after judgment.*

| | |
|---|---|
| 94 | 87 |
| 111 | ⁴462 |
| 94 | 87 |
| 114 | ¹255 |
| 94 | 87· |
| 117 | ⁴658· |

1. The filing of a chattel mortgage is complete, in legal contemplation, when it is delivered to, received by, and left with the proper town

Bailey vs. Costello.

clerk; and the failure of the clerk to make any indorsement of the filing on the mortgage does not affect its validity.

2. Where the mortgagee of chattels consents to the sale thereof by the mortgagor, but in the presence of the vendee distinctly refuses to release or forego his mortgage claim until paid, he is not estopped from asserting such claim as against such vendee or a purchaser from him.

3. Where the mortgagor of personal property removes from the town in which the mortgage is filed, taking the property with him, it is not necessary for the mortgagee to refile the mortgage in the town into which the mortgagor has removed, in order to protect his rights either as against the mortgagor or a subsequent purchaser.

4. Exceptions to the findings of fact generally, on the grounds that they are contrary to the evidence, are not supported by the evidence, etc., but not pointing out specifically any one of the findings as erroneous, do not entitle the appellant to a review of such findings.

5. A motion for a new trial, made after judgment, cannot be entertained unless joined with a motion to vacate the judgment.

APPEAL from a judgment of the circuit court for Richland county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

The plaintiff brought replevin to recover possession, from the defendant, of a certain horse, formerly owned by one Brenden, and mortgaged by him to the plaintiff. The evidence showed that, at the time the mortgage was given, Brenden lived in the town of Richland and kept the horse there, but subsequently he moved to the city of Richland Center and kept the horse in the city; that the chattel mortgage was delivered by the plaintiff to the town clerk of the town of Richland, and left with him to be filed, but there was no indorsement of filing on the mortgage. Page 308 of the town clerk's record, not set forth, however, in the bill of exceptions, was offered and received in evidence, as well as the mortgage, both against the objection of the defendant that the mortgage could not be considered as legally filed, for the want of an indorsement of filing thereon. Brenden sold the horse to one Quick, and he subsequently sold it to the defendant, for value, and the latter, when he

purchased it, had no notice in fact of the plaintiff's mort-
gage. The evidence was to the effect that, when Brenden
sold the horse to Quick, the plaintiff, *Bailey*, Quick, and
Brenden were all present, and that the plaintiff had previ-
ously told Brenden that if he had a chance to sell the horse,
and the man he sold him to would give him (*Bailey*) secu-
rity for it, that would be all right. He said, in the presence
of these parties, that he would not release the mortgage till
he had the security. He told Quick the amount due, and
that it would be all right if he gave security. At this inter-
view Quick wanted to pay $50 and have the horse released,
but the plaintiff told him he would not release until he got
security. Quick got the horse, and he consented to Quick's
having it if he would pay $50 and secure him, and in no
other way, both Quick and Brenden being present at the
time. Quick paid him $25, and the plaintiff repeatedly
dunned him for the balance, and did not ask Brenden for
his pay after that. He understood that Quick was to buy
the horse with the mortgage on it. He made a bargain with
Quick about it, and told him he would release the mortgage
when he got his pay, but not until the mortgage was paid.
The plaintiff's mortgage was not filed in the office of the
clerk of the city of Richland Center after Brenden went
there to live, taking the horse with him, to the knowledge
of the plaintiff; and Quick, to whom he sold the horse, lived
and kept him in said city.

It was insisted that the plaintiff's mortgage was not
properly filed, no indorsement of filing having been made
thereon; that the plaintiff had consented to the sale to
Quick, and so had waived his rights under the mortgage,
and was estopped from claiming the horse as against the de-
fendant, who was an innocent purchaser; that the plaintiff
should have refiled his mortgage in the city of Richland
Center.

The court found, as appears from the bill of exceptions,

Bailey vs. Costello.

"that the plaintiff is entitled to recover; that the mortgage was given and filed as the law requires, and was not required by the law to be refiled; the property was sold to Quick, and *Mr. Bailey* knew of it, but the proof shows he did not consent to forego his mortgage." A formal finding in the record is to the effect that the plaintiff had a lien on the property, by virtue of his mortgage, for $144; that he was entitled to the right of possession until the said lien was discharged, and that, subject thereto, the right of possession was in the defendant; that the defendant unjustly detained the horse, and the plaintiff's damage was the sum of six cents. The exceptions to the findings of fact are general, and do not specifically point out any one of the different propositions of fact as erroneous. They are in substance: (1) That the findings of fact are contrary to the evidence. (2) They are not supported by the evidence. (3) They are contrary to all the evidence given at the trial, etc. A motion for a new trial, on the same grounds and others, was made *after* judgment for the plaintiff, and was denied. The defendant appealed from the judgment.

For the appellant the cause was submitted on the brief of *L. H. Bancroft.* He contended, *inter alia,* that a mortgagee waives his lien by consenting to a sale of the mortgaged property. If the mortgagee's consent to the sale be shown the purchaser obtains a good title, and it is immaterial that at the time of the purchase he did not know of the existence of the mortgage. Jones, Chat. Mort. § 465, and cases cited; *Stafford v. Whitcomb,* 8 Allen, 518; *Patrick v. Meserve,* 18 N. H. 300; *Brandt v. Daniels,* 45 Ill. 453. If Quick purchased the property subject to the *Bailey* mortgage and *Bailey* accepted Quick as the party responsible to him for the payment of the indebtedness due from Brenden, *Bailey* by his own act substituted Quick as the mortgagor in the original mortgage, and in order to afford subsequent purchasers actual or constructive notice of the existence of

Bailey vs. Costello.

such mortgage it should have been filed in the city of Richland Center where such mortgagor resided. R. S. sec. 2314; Jones, Chat. Mort. § 466; *Manny & Co. v. Woods,* 33 Iowa, 265; *Guion v. Knapp,* 6 Paige, 35; *Plaisted v. Holmes,* 58 N. H. 619.

For the respondent there was a brief by *O. F. Black,* attorney, and *Burr W. Jones,* of counsel, and oral argument by *Mr. Jones.* To the point that, when a chattel mortgage has been properly filed, it is a lien upon the property mortgaged wherever it may be found, they cited *Marlet v. Hinman,* 77 Wis. 136, 142; *Hoit v. Remick,* 11 N. H. 285; *Cool v. Roche,* 20 Neb. 550; *Barrows v. Turner,* 50 Me. 127; *Nat. Bank of Commerce v. Morris,* 114 Mo. 255; *Brigham v. Weaver,* 6 Cush. 298; *Vickers v. Carnahan,* 4 Tex. Civ. App. 305; *Handley v. Harris,* 48 Kan. 606; *Keenan v. Stimson,* 32 Minn. 377; *Norris v. Sowles,* 57 Vt. 360; *Ames I. Works v. Warren,* 76 Ind. 512; *Hicks v. Williams,* 17 Barb. 523; *Smith & Co. v. McLean,* 24 Iowa, 322; *Kanaga v. Taylor,* 7 Ohio St. 134, 70 Am. Dec. 62, and cases cited in note.

PINNEY, J. 1. The objection to the reception in evidence, and validity, of the plaintiff's mortgage, as against the defendant, on the ground that there was no indorsement upon it to show that it had been filed in the town clerk's office of the town of Richland, is untenable. In legal contemplation, the filing of the mortgage was completed when it was delivered to, received by, and left with the town clerk of the proper town. *Marlet v. Hinman,* 77 Wis. 140; *Smith v. Waggoner,* 50 Wis. 160; *Goodman v. Baerlocher,* 88 Wis. 297; *Manhattan Co. v. Laimbeer,* 108 N. Y. 590. Plaintiff ought not to suffer for the default of the clerk, who was a public officer, and over whose acts he had no control. The statute (R. S. sec. 832, subd. 10, and sec. 2314) requires the town clerk to enter, at the time of filing chattel mortgages, "in a book properly ruled and kept therefor, the names of all the parties,

arranging mortgagors alphabetically, the date of each mort-
gage, and the date of filing the same." The record of the
town clerk in this respect seems to have been offered and
received in evidence at the trial, but the entries in this book
have not been copied into the bill of exceptions, and have
been omitted, so that the bill shows, when properly con-
strued, that it does not contain all the evidence given at
the trial, notwithstanding the usual certificate of the cir-
cuit judge at the close. We must infer that the record thus
received in evidence showed that the mortgage in question
had been filed in due season, so as to preserve the rights of
the plaintiff. Indeed, it was not contended, but was sub-
stantially conceded on the argument, that it was delivered
to and left with the clerk to be filed in due season, and the
defendant's counsel rested his objection on the ground that
the clerk failed to make any indorsement of filing on the
mortgage itself.

2. The exceptions to the findings of fact are general, and
do not point out specifically any particular finding of fact
as erroneous. They are not sufficient, therefore, to entitle
the defendant to call upon the court to review the findings
of fact. The office of an exception is to specify or point
out some particular matter as erroneous, in order that it
may be reviewed. The authorities on this point are too
numerous to require citation. But assuming, however, that
the exceptions are sufficient, we must hold, upon the evi-
dence before us, that the plaintiff did not waive, or agree to
waive, his mortgage, when the horse was sold by Brenden
to Quick, but wholly refused to release or forego it until it
was paid in full. There is no evidence to the contrary. The
case of *Oswald v. Hayes*, 42 Iowa, 104, is quite in point.
The case is clearly distinguishable from *Brandt v. Daniels*,
45 Ill. 453, which proceeds upon the ground that there was
an agreement or consent to waive or forego the mortgage,
when the mortgagor sold to the third party, and upon the

faith of which he purchased, so that the mortgagee would be estopped from thereafter insisting upon his mortgage. Here the plaintiff distinctly refused to release or forego his mortgage claim until paid, and the parties so understood it. There was no ground, therefore, for holding him estopped from insisting upon it. The defendant in this case could get no better title to the horse than Quick, his vendor, had; and, as the mortgage was legally filed in the town of Richland, it became and remained valid and operative as against Brenden, the mortgagor, and subsequent purchasers of the property. It was not necessary for the plaintiff, in order to preserve his rights, to refile the mortgage in the city of Richland Center, when Brenden, the mortgagor, removed to that place and kept the horse there, nor when he sold it to Quick, who resided and kept it in the same place. Jones, Chat. Mortg. § 260, and cases in notes.

3. It was not erroneous to deny the motion for a new trial. It was not made until after judgment, and could not be then entertained, unless joined with a motion to vacate the judgment. *Whitney v. Karner,* 44 Wis. 564. But no such motion was made.

For these reasons, we perceive no error in the proceedings.

*By the Court.*— The judgment of the circuit court is affirmed.

94  93
101  591

