CAPPON, Respondent, vs. O'DAY, Appellant.

*April 4—May 15, 1917.*

*Courts: Adherence to general rules: Appeal: Review: Questions not raised in trial court: Chattel mortgages: Filing: Sufficiency.*

1. Where the enforcement of any rule for the administration of the law will result in a failure of justice, it should be carefully scrutinized and not blindly adhered to.
2. The general rule that questions not raised in the trial court will not be reviewed in the supreme court on appeal is subject to many exceptions.  This court undoubtedly has the power to review such a question, but whether it should do so or not depends upon the facts and circumstances of the particular case.
3. In an action by the assignee of a chattel mortgage to recover, from one who purchased from the mortgagors, property covered by such mortgage, the question whether there had been such a filing of the mortgage as to make it valid against third persons is determined on appeal though not raised in the trial court—the facts being fully shown by the record and the question having been fully argued.
4. Under secs. 2313, 2314, Stats., a chattel mortgage, to be valid as against third persons, must be filed in the office of the clerk of the town, city, or village in which each of the mortgagors resided at the time of its execution.
5. A chattel mortgage filed in a town to which one of the mortgagors subsequently removes is not properly filed; nor does the removal of the mortgagors to the town in which the mortgage is in fact filed, but improperly so, make the mortgage valid as to third persons.

APPEAL from a judgment of the circuit court for Wood county: BYRON B. PARK, Circuit Judge. *Reversed.*

On December 10, 1913, Anna Kern sold to Silber and Scheer, all of the parties at the time being residents of the city of Milwaukee, a farm in Wood county, together with certain personal property thereon, and to secure the payment of $2,000, which was part of the purchase price of the farm and personal property, she took back a chattel mortgage from the purchasers dated December 10, 1913, upon the personal property. The chattel mortgage recites that the mortgagors, Silber and Scheer, reside in the city of Milwaukee, and that part of the description of the personal property material here is as follows:

"Three (3) horses. . . . Said property is now on the north half of the northeast quarter (N. $\frac{1}{2}$ of the N. E. $\frac{1}{4}$), section thirty-one (31), township twenty-three (23) north, of range five (5) east, Wood county, Wisconsin. All of the said property being now in the possession of said first party in the county and state as aforesaid, and free from all incumbrance."

It appears that at the time of the execution of the chattel mortgage Silber intended to remove to the farm in Wood county and that he did so remove within two or three days after the mortgage was executed. Scheer and his family continued to reside in the city of Milwaukee until April 22, 1914, when they also moved upon the farm. On January 24, 1914, the chattel mortgage was filed with the town clerk of the town of Sigel, Wood county, the town in which the farm was situated. At the time the chattel mortgage was recorded Silber was residing upon the farm and Scheer in the city of Milwaukee. On March 2, 1914, Anna Kern assigned the mortgage to the plaintiff, *Jesse Cappon.* August 20, 1914, Silber and Scheer sold for value to defendant two of the horses which they purchased from Anna Kern and which were attempted to be described in the chattel mortgage. After making the bargain for the horses but before paying for them,

except a down payment of $10, defendant went to the office of the town clerk of the town of Sigel to inquire as to liens upon the property. The clerk was not at home, and his wife looked at the files but failed to find anything. On his way home the defendant met the clerk and renewed his inquiries and was advised by the clerk that he could not remember, and the clerk promised that he would examine the records and write him; and he did write defendant advising him of the existence of the mortgage. But without waiting to hear from the clerk the defendant paid the balance of the purchase price and took the horses. After receiving the town clerk's letter the defendant went to the mortgagors and secured a guaranty to the effect that the horses were free and clear of liens and that the mortgagors would protect him. September 29, 1914, Silber and Scheer were arrested for selling property covered by chattel mortgage, contrary to the statute. The case was continued, and on October 14, 1914, it was settled in accordance with the statute and dismissed. It appears that by the settlement Silber and Scheer deeded to plaintiff their equity in the real estate, on which they had paid $1,000, turned back all of the personal property remaining on the farm, and in addition paid $100 in cash. Silber and Scheer claim that this was to be a settlement of all claims. Plaintiff claims that it was a settlement of special damages accruing by reason of the sale of the chattel-mortgaged property. In the property turned back was some personal property which Silber and Scheer had acquired after the purchase of the farm and not covered by the chattel mortgage. Shortly after the settlement plaintiff commenced this and two other actions to recover property described in the chattel mortgage.

The court submitted the case to the jury, and the jury found (1) that the description of the horses in the chattel mortgage from Silber and Scheer to Anna Kern was insufficient so as to render the chattel mortgage void as to the defendant; (2) that there was an agreement between Silber

and Scheer and Anna Kern that Silber and Scheer could sell
or exchange the horses and stock described in the chattel
mortgage, Exhibit A, and replace the same with other horses
and stock; and (3) that the value of the horses involved in
this action was $325.    The parties then made the usual mo-
tions.    Upon motion of the plaintiff the court changed the
answers to questions 1 and 2 from Yes to No, and upon the
verdict as so changed directed judgment for the plaintiff in
the sum of $325, and further found that plaintiff was en-
titled to judgment in any event, notwithstanding the verdict,
for such sum.    Judgment was entered accordingly, and de-
fendant appeals.

For the appellant there were briefs by *W. E. Wheelan* of
Grand Rapids, and a separate supplemental brief by *Mr.
Wheelan,* as attorney, and *Claire B. Bird* of Wausau, of coun-
sel; and the cause was argued orally by *Mr. Bird.*

For the respondent there were briefs by *Goggins, Brazeau
& Goggins* of Grand Rapids, and oral argument by *Hugh W.
Goggins* and *T. W. Brazeau.*

ROSENBERRY, J.    It is claimed (1) that the description of
the property in the chattel mortgage is insufficient to make
the mortgage a valid instrument; (2) that the court erred in
holding incompetent the evidence of the agreement between
the mortgagors and the mortgagee as to the right of the mort-
gagors to sell and replace the property described in the mort-
gage; and (3) in refusing to submit to the jury the question
whether before this action was commenced plaintiff's claim
was discharged and satisfied.

The question as to whether or not the chattel mortgage was
filed as required by secs. 2313 and 2314, Stats., so as to be
valid as against third parties, was not raised in the court be-
low.    It appearing from the undisputed evidence, however,
that the mortgagors resided in the city of Milwaukee at the
time of the execution of the mortgage and that only one of

the parties resided in the town where the mortgage was recorded at the time it was recorded, this court upon its own motion required briefs to be filed on the following question:

"Was the filing of the chattel mortgage given by Silber and Scheer, mortgagors, dated December 10, 1913, in the town of Sigel, Wood county, Wisconsin, a sufficient filing to make the same valid as against third parties, under secs. 2313 and 2314, Stats. ?"

Such supplementary briefs have been filed. No claim is made that the facts are other than as stated, nor is there any claim that the mortgage was ever filed in the city of Milwaukee.

Respondent claims in his supplementary brief that, the question of the validity of the mortgage not having been raised, the record is conclusive upon this court, and for this court to now consider the question would amount to a perpetration of a gross wrong and hardship upon the plaintiff and imposition upon the trial court.

We cannot agree with this contention. This court sits here to do justice between litigants. For the purpose of orderly administration and the attainment of justice certain rules are established. Any rule the enforcement of which results in a failure of justice should be carefully scrutinized and not blindly adhered to, unless the abandonment of it will work more injustice than will follow if it be adhered to. One of the rules of well nigh universal application established by courts in the administration of the law is that questions not raised and properly presented for review in the trial court will not be reviewed on appeal. 3 Corp. Jur. 689. The reason for the rule is plain. If the question had been raised below, the situation might have been met by the opposite party by way of amendment or of additional proof. In such circumstances, therefore, for the appellate court to take up and decide on an incomplete record questions raised before it for the first time would, in many instances at least, result in great injustice, and for that reason appellate courts ordinarily

decline to review questions raised for the first time in the appellate court. But to this rule there are many exceptions. Questions as to the jurisdiction of the court may be raised. *Telford v. Ashland,* 100 Wis. 238, 75 N. W. 1006. Questions as to the legal effect of a deed or other instrument may be raised for the first time in this court. *Hartung v. Witte,* 59 Wis. 285, 18 N. W. 175; *Nightingale v. Barens,* 47 Wis. 389, 2 N. W. 767. There are numerous other exceptions. 3 Corp. Jur. 740. No question of the power of this court is involved. Whether this court should review a question raised here for the first time depends upon the facts and circumstances disclosed by the particular record. It undoubtedly has the power, but ordinarily will not exercise it. The question is one of administration, not of power. The statements in *Will of Brandon,* 164 Wis. 387, 160 N. W. 177, and *Ritter v. Ritter,* 100 Wis. 468, 76 N. W. 347, to the effect that questions not brought up in the court below cannot be considered here, must be considered as statements of the general rule to which there are exceptions as here indicated.

In this case the question as to the validity of the mortgage has been fully argued. It is not claimed that the facts do not fully appear. The record is complete. If it were not, we should feel it our duty to remand the record and order a new trial in accordance with the provisions of sec. 2405*m,* Stats.

"Section 2313. No mortgage of personal property shall be valid against any other person than the parties thereto unless the possession of the mortgaged property be delivered to and retained by the mortgagee or unless the mortgage or a copy thereof be filed as provided in section 2314, except when otherwise directed in these statutes. . . ."

"Section 2314. Every mortgage of personal property or a copy thereof may be filed in the office of the clerk of the town, city or village where the mortgagor resides, or in case he is a nonresident of the state then in the office of the clerk of the town, city or village where the property mortgaged may be at the time of the execution of such mortgage; . . ."

It is undisputed in this case that the mortgagors at the

time of the execution of the mortgage resided in the city of Milwaukee and that the chattel mortgage was never recorded in the city of Milwaukee. In order to meet the requirements of secs. 2313 and 2314, Stats., so as to make the mortgage valid as against third parties, it must be recorded in the office of the clerk of the town, city, or village where the mortgagors reside at the time of its execution, and if the mortgage is executed by two or more persons residing in different towns, cities, or villages it must be recorded in the office of the clerk of the town, city, or village in which each of the mortgagors resided at the time of the execution of the mortgage. A mortgage recorded in a town to which one of the mortgagors subsequently removes is not properly recorded, and neither does the removal of the mortgagor to the town where the mortgage is in fact recorded, but improperly so, make the mortgage valid as to third persons. That such was the intention of the legislature seems clear from the history of the statute, and the construction that has heretofore been placed upon it by this court points the same way. *First Nat. Bank v. Biederman,* 149 Wis. 8, 134 N. W. 1132; *Bailey v. Costello,* 94 Wis. 87, 68 N. W. 663. Such construction is in accordance with the great weight of authority elsewhere. Jones, Chat. Mortg. (5th ed.) §§ 250, 251a; Pingree, Chat. Mortg. § 362; 2 Cobbey, Chat. Mortg. § 573; *In re Nuckols,* 201 Fed. 437; *Burbank v. Robek,* 157 Ky. 524, 163 S. W. 457; *Burlington State Bank v. Marlin Nat. Bank* (Tex.) 166 S. W. 499; *Hales v. Zander,* 24 Okla. 246, 103 Pac. 669; *Lasswell v. Henderson,* 144 Mo. App. 396, 128 S. W. 789; *Fife v. Ohio Inv. Co.* 52 Ind. App. 108, 100 N. E. 392.

Not having been filed in accordance with the terms of the statute, we are clear that the chattel mortgage in question was void as to third parties, and the consideration of other questions becomes immaterial.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.