SHAPIRO, Respondent, vs. YELLOW CAB COMPANY, Appellant.

*May 10—June 6, 1922.*

*Appeal and error: Question first raised on appeal.*

In an action for injuries sustained in an automobile collision alleged to have been caused by defendant's negligence, where the testimony as to the ownership of the automobile was so meager that, if the attention of the court had been called to the subject, the trial undoubtedly would have taken a different course, and at the trial the only contest was on the questions of negligence and contributory negligence, the question of ownership cannot be first urged on appeal.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

*J. Elmer Lehr* of Milwaukee, for the appellant.

For the respondent there was a brief by *Robert A. Hess* and *William H. Bennett,* both of Milwaukee, and oral argument by *Mr. Bennett.*

JONES, J. Action for personal injuries alleged to have been caused by negligence of defendant. Plaintiff, while driving his horse and wagon over a viaduct on First avenue, in the city of Milwaukee, was struck by an automobile, thrown to the ground, and was injured. Defendant interposed a general denial and alleged contributory negligence. The jury, in a special verdict, found that the driver of defendant's car failed to exercise ordinary care at the time of the collision; that such failure was the proximate cause of the injury; that plaintiff did not fail to have a light attached to the rear of his wagon; and that the amount of the damage suffered was $1,750.

There was testimony to the effect that plaintiff was struck by a yellow cab; that the driver stated several times that he had not seen the wagon; that after the accident the driver of the yellow cab tried to start it but was unable to do so; that he went to a saloon and used the telephone; and that shortly after a car with four or five men came, one of whom started the car and drove away with it. It appears that thirteen months after the accident a doctor examined plaintiff on behalf of defendant.

Defendant moved for judgment notwithstanding the verdict. The motion was denied and judgment in favor of plaintiff ordered in accordance with the verdict. On appeal from the civil court of Milwaukee county to the circuit court the judgment was affirmed.

Counsel for appellant contends that in the courts below it was not shown that defendant was the owner of the auto, nor that the driver was an employee of defendant acting within the scope of his employment, and it is urged that since the record contains no proof of these facts the plaintiff failed to make a case, and the judgment should be reversed

as a matter of course. Counsel for respondent urge that neither during the trial nor in the motions for a directed verdict or for a new trial did counsel for appellant take his present position, and for that reason is precluded from doing so in this court.

The first two questions in the special verdict referred to "defendant's automobile," thus assuming that the car was owned by defendant. Appellant's counsel made no objection to either of these two questions. He did not object that there was no evidence on which they could be based, and he proposed no questions raising the issue he now presents. He did propose other questions on the issue whether plaintiff had attached to his wagon such a lamp as was required by a city ordinance, and they were made part of the verdict. In the charge the court repeatedly alluded to the car operated by defendant and instructed the jury as to the law applicable to the management of cars in the public streets. Appellant's counsel made no exception to these instructions.

At the close of the testimony he moved for a directed verdict in favor of defendant without assigning any reasons and declined to argue the motion. Before the final argument he asked leave to offer a photograph showing the position of the lights on the wagon. After the verdict he moved for a new trial "for the reason that there is no proof that defendant is in any manner legally liable or responsible for the accident that resulted in plaintiff's injury." There was included the ordinary motion for a change of answers in case the application should be denied, and then nine other grounds were specified, but none of them contained any hint of the special ground now relied on.

Throughout the trial the only contest seemed to be over the main questions of negligence and contributory negligence. The only question argued in this court relates to the ownership of the car and the employment of the driver. It is thus very apparent that we are called upon to reverse the judgment upon a question never called to the attention of either of the judges in the courts below.

It is the popular conception of trials before juries that they are like prize fights, in which the opposing lawyers are the pugilists and the judge the referee. Laymen expect the contestants will receive little consideration from each other, but even laymen expect that the referee will receive fair play.

It may not be the duty of defendant's attorney to aid his antagonist in the presentation of his case, but it certainly is a breach of duty to mislead the court. It is only just to say that there may not have been any such intention in this case, since the omission of the evidence in the issue now raised may not have been discovered by either counsel until the record was made up. But it is clear that the course of the trial was such as to divert the attention of the trial court from the point now made. Trial judges often work under high pressure. They are often compelled in the heat of jury trials to decide important questions with little time for consideration. It is only fair to them that as far as practicable they should be apprised of the questions which are to be relied on when appeals are to be taken from their judgments. Such a course is not only demanded in justice to the court, but is most conducive to the administration of justice.

The rule in this state is well settled. In a comparatively recent case where there had been a failure in the proof in one particular, in an opinion by Mr. Justice OWEN this court said:

"It was decided at an early date that matters of defense not brought forward and called to the attention of the court and opposing parties during the trial in some appropriate manner so that in the ultimate determination of the issues their influence might be given due consideration, are effectually waived, and thereafter they cannot be urged as grounds for a new trial or reversal in this court." *Harrington v. Downing,* 166 Wis. 582, 585, 166 N. W. 318.

The same rule has often been declared. *Ehlers v. Gold,* 176 Wis. 336, 186 N. W. 596; *Frankfort Gen. Ins. Co. v.*

*Milwaukee,* 164 Wis. 77, 159 N. W. 581; *Youngs .v. Wegner,* 157 Wis. 489, 146 N. W. 803; *Congar v. Chamberlain,* 14 Wis. 258.

In another opinion Mr. Justice ROSENBERRY said:

"This court sits here to do justice between litigants. For the purpose of orderly administration and the attainment of justice certain rules are established. Any rule the enforcement of which results in a failure of justice should be carefully scrutinized and not blindly adhered to, unless the abandonment of it will work more injustice than will follow if it be adhered to. One of the rules of well nigh universal application established by courts in the administration of the law is that questions not raised and properly presented for review in the trial court will not be reviewed on appeal." *Cappon v. O'Day,* 165 Wis. 486, 490, 162 N. W. 655.

The testimony as to the ownership of the car was very meager; so meager that if the attention of the court and counsel had been called to the subject the trial undoubtedly would have taken a different course. Further testimony would have been taken or possibly a verdict for defendant would have been ordered. If there had been any real merit in defendant's present contention it would have been very easy to furnish the proof, and we are satisfied that the ends of justice will be best served by following the rule above declared.

*By the Court.*—Judgment affirmed.