**UNITED STATES of America,**
**Plaintiff,**

v.

**The SURING STATE BANK, Defendant.**

**UNITED STATES of America,**
**Plaintiff,**

v.

**Walter DRUCKERY and Arthur Druckery, Defendants.**

Civ. A. Nos. 6422, 6427.

United States District Court
E. D. Wisconsin.

March 29, 1957.

Edward G. Minor, U. S. Atty., and Matthew M. Corry, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Adolph P. Lehner, Oconto Falls, Wis., for defendant.

GRUBB, District Judge.

These cases are submitted upon both parties' motion for summary judgment. The parties have submitted a stipulation of facts in both cases. The facts essential are:

In case No. 6422 that certain persons issued a chattel mortgage to the plaintiff under the provisions of 7 U.S.C.A. § 1007 encumbering certain cows, that the chattel mortgage was filed in the office of the Register of Deeds for the county in which the said property was kept, that subsequently the said persons gave a second chattel mortgage to the defendant bank encumbering the same property without plaintiff's written consent as was required by the terms of the first chattel mortgage, that subsequently the defendant bank possessed itself of one of said cows of the value of $150 and sold the same without notice to the plaintiff as required by the terms of the first chattel mortgage, that said first chattel mortgage to plaintiff did not contain the address of the plaintiff acting through the administration of the Farmers Home Administration;

In case No. 6427 that certain persons issued a chattel mortgage to plaintiff under the provisions of 7 U.S.C.A. § 1007 encumbering, among other things, one two-unit magnetic motor DeLaval

Milking Machine, that the chattel mortgage was recorded in the office of the Register of Deeds for the county in which the property was kept, that subsequently said persons sold said milking machine to the defendants without the written consent of the plaintiff as was required by the terms of the chattel mortgage, that said milking machine was of the value of $325, and that said chattel mortgage to plaintiff did not contain the address of the plaintiff acting through the administration of the Farmers Home Administration.

The plaintiff in each case has sued for the said values of said property plus interest and costs.

The primary fact involved is that two chattel mortgages were filed in Wisconsin with the proper Register of Deeds, but neither of the chattel mortgages contained the mortgagee's post-office address (that is, the address of the United States acting through the administration of the Farmers Home Administration). Section 59.51(11) of the Wisconsin Statutes states:

"No chattel mortgage * * * *shall* be filed without the post-office addresses of the parties." (Emphasis supplied.)

The relevant part of the other applicable statute is:

"No mortgage of personal property shall be valid against any other person than the parties thereto or persons having notice thereof, unless the possession of the mortgaged property be delivered to and retained by the mortgagee or unless the mortgage be filed as provided in section 241.10, except when otherwise directed in these statutes. * * * *" Section 241.08, Wis. Stats.

One issue appears to be: What is the effect of failure to include the said post-office address in a chattel mortgage filed in fact? A second issue is: Does filing in fact overcome the adverse effect, if any, of failure to comply with the positive injunction set forth in section 59.51 (11)?

██ It is fairly clear that section 59.-51(11) is mandatory and not advisory or discretionary. It does not seem on its face to be only directory, in that it sets forth the duties of the Register of Deeds. The court does not agree with the argument in the plaintiff's brief that this statute provides that the Register of Deeds is simply not required as a matter of law to file any chattel mortgages that do not contain the address of the mortgagee.

The expressions of the court in Bailey v. Costello, 1896, 94 Wis. 87, 91, 68 N.W. 663, 664, that—

"In legal contemplation, the filing of the mortgage was completed when it was delivered to, received by, and left with the town clerk of the proper town."

and, in Eastman v. Parkinson, 1907, 133 Wis. 375, 390, 113 N.W. 649, 655, 13 L.R.A.,N.S., 921, that—

"When the mortgage was delivered to him (the clerk) for filing it was to all intents and purposes filed whether he neglected his duty in the matter or not." (Parenthesis supplied.)

really only define "filing". These cases do not suggest that any item left with a Register of Deeds or a town clerk is legally entitled to filing. They do hold that any instrument, otherwise legally entitled to be filed, is filed if it is left with the proper official in the proper way, regardless of whether or not that official neglects to enter the fact of filing in a record book, etc. For instance, the Bailey case says expressly that the clerk with whom the mortgage is left for filing must be the proper clerk.

It is the court's view that it is immaterial whether the mortgage in question is valid or not. Section 241.10 Wisconsin Stats., says:

"To entitle the chattel mortgage to be filed it shall not be necessary that it be acknowledged or attested, except as provided in section 241.08".

Section 241.08 provides that a chattel mortgage could be invalid if it is not properly signed and witnessed. The court believes that invalidity of the mortgage itself is one ground upon which a mortgage cannot be legally filed. While a mortgage which may not be legally filed may be otherwise valid between the parties, still it cannot be made valid as to anyone else because it carries with it the implication that even if it is placed in the possession of a Register of Deeds or town clerk, it is insufficient to give constructive notice to prospective purchasers in good faith and for value.

To support this proposition is the very much more strongly worded rule at 10 Am.Jur. Chattel Mortgages, Sec. 115:

"The record of a chattel mortgage not entitled to record is constructive notice to no one."

Another appropriate quotation is at 10 Am.Jur. Chattel Mortgages, Sec. 102:

" * * * it has been held that where the record of a mortgage is not constructive notice because the property mortgaged is insufficiently described, the burden is on the mortgagee claiming priority over subsequent purchasers or mortgagees to allege and prove that they had actual notice as to what property it was intended to cover by the earlier mortgage, and not upon them to prove the contrary."

██ It is elementary that where there is a statute creating a fiction, like constructive notice, it should be strictly construed. This idea is certainly enforced by the considerations that recording was never essential to validate a chattel mortgage at common law, and that bona fide purchasers for value are favored and protected as a policy of the law. Absent recording laws, a bona fide purchaser of legal title is protected against a prior equity.

One last relevant quotation from Am. Jur. is found at Chattel Mortgages, Section 116:

"A recorded mortgage which does not contain the name of the mortgagee is void as to a purchaser from the mortgagor."

The court believes that lack of the address of the mortgagee is analogous to lack of his name and especially so where it is required by statute.

The Wisconsin case of Cappon v. O'Day, 1917, 165 Wis. 486, 162 N.W. 655, 1 A.L.R. 1657, supports the proposition that filing in fact of a mortgage which may not be legally filed cannot make it valid as to third persons. This case involved a situation in which two persons executed a joint purchase-money chattel mortgage to finance the purchase of three horses. The mortgage recited that the horses were located in Wood County, but the fact was that at the time neither mortgagor resided nor kept the horses in Wood County. By the time the mortgage was filed in Wood County one of the mortgagors did live there and shortly thereafter the other mortgagor took up residence in Wood County and the horses were kept there. The mortgagors intended when they executed the mortgage to recite in it a county other than the one in which they then lived because they anticipated that they would shortly remove to Wood County, which they did in fact.

The court held that under sections 2313 and 2314 (which are now sections 241.08 and 241.09) it was essential that to be properly filed, the mortgage must be filed in the office of the clerk of the town, village or city in which the mortgagor lived at the time of its execution. It held further, 165 Wis. at page 492, 162 N.W. at page 657, that—

> "A mortgage recorded in a town to which one of the mortgagors subsequently removes is not properly recorded, and neither does the removal of the mortgagor to the town where the mortgage is in fact recorded, but improperly so, make the mortgage valid as to third persons."

■■ Naturally, the whole controversy in the instant case is whether the government can avail itself of the concept of constructive notice by means of the recording statutes. If the government could establish notice in fact, the whole matter would appear to be moot. However, there is absolutely nothing in the record to indicate notice in fact.

For the foregoing reasons the court hereby orders summary judgment for the defendants in each case and directs counsel for the defendants to prepare judgments, submitting them to plaintiff for approval as to form only. The court adopts the stipulation of facts on file as its findings of fact, and the conclusions of law are as expressed in this opinion.